53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Debra CHRISTIE, Plaintiff/Appellant,
v.
Nona T. SWITALA, et al., Defendants/Appellees.
 No. 92-1194.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided April 28, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Debra Christie, an inmate at the Taycheedah Correctional Institution in Wisconsin, brought this action pursuant to 42 U.S.C. Sec. 1983 against several prison officials, alleging that the defendants denied her First Amendment right of access to the courts by refusing to photocopy her legal brief and by improperly disciplining her in retaliation for her petition for legal redress. The district court denied leave to proceed in forma pauperis under 28 U.S.C. Sec. 1915(d), ruling that the suit is legally frivolous. Christie appeals.
 
 
 2
 We review a dismissal under Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An "arguable basis in law" is a very low standard to meet, for complaints that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an "arguable basis in law," precluding dismissal under Sec. 1915(d). Denton, 112 S.Ct. at 1733.
 
 
 3
 An inmate has a constitutional right of "meaningful access" to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); Del Raine v. Williford, 32 F.3d 1024 (7th Cir.1994). That right includes a right to services and supplies indispensable to filing court documents. See Bounds, 490 U.S. at 824-25; Allen v. Sakai, 40 F.3d 1001, 1005 (9th Cir.1994). To prove a violation of the right of access to the courts, however, an inmate must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 291 (7th Cir.1992); see also Del Raine, 32 F.3d at 1043. That is, to make out a claim under Sec. 1983 based on the denial of photocopying privileges, Christie must show that the denial prevented her from exercising her right of access to the courts. Jones v. Franzen, 697 F.2d 801, 803 (7th Cir.1983).
 
 
 4
 There is no indication that the defendants' alleged misconduct actually prejudiced Christie's ability to litigate a lawsuit. Christie claimed that defendant Shoemaker, who was the prison's business administrator, denied her access to the courts by "refusing to photocopy [her] legal brief and then returning it to [her]." The legal brief, a reply brief, was allegedly due on the following day. Although it is possible that Christie may have missed a court deadline for filing her reply brief, she has not demonstrated that it significantly prejudiced her case. Moreover, Christie did not allege that she was eventually prevented from filing the brief.
 
 
 5
 Christie also alleged that the defendants improperly disciplined her in retaliation for her legal actions. To succeed on such a claim of retaliation, a prisoner must show "a chronology of events from which retaliation may plausibly be inferred." Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); see also Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). Christie's complaint fails to support an arguable claim of retaliation. Christie alleged that on the day defendant Shoemaker refused to photocopy her legal brief, Shoemaker also issued her a conduct report for "using scrap paper to do my legal work on," and that she was subsequently found guilty, contrary to the evidence, at the disciplinary hearing by the other defendants. Although Christie may have had pending actions against some of the defendants as she had filed nine Sec. 1983 actions by the time of the district court's judgment, that alone is not enough to infer retaliation. See Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). She must allege some facts linking the events. She did not do so, and therefore, the district court did not abuse its discretion in dismissing Christie's complaint.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The appellees have advised this court that they will not be filing a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the brief and record